# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES E. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00080-JPG |
| | ) | |
| MADISON COUNTY 911 SYSTEM, | ) | |
| MADISON COUNTY SHERIFF DEPT., | ) | |
| BENJAMIN MARTIN, | ) | |
| CINDY TWEEDY, | ) | |
| and JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Charles Franklin is a resident of Madison County, Illinois. He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his arrest on September 26, 2019. (Doc. 1, pp. 1-6). He seeks money damages from the defendants. (*Id*. at p. 6).

Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") without prepayment of the filing fee for this action. (Doc. 2). He is not a prisoner within the meaning of 28 U.S.C. § 1915(h). A federal district court may nevertheless allow a civil case to proceed without prepayment of fees, if an IFP applicant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1). Plaintiff has not satisfied this standard. His monthly income of $1,161.00 is sufficient to cover the filing fee for this action, despite his disclosed debts. (Doc. 2, pp. 1-2).

Even if he was indigent, however, Plaintiff's IFP Motion must still be denied. The district court may deny an otherwise qualified plaintiff leave to proceed IFP and dismiss a case, if the action does not survive review under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires

1

dismissal of a complaint, or any claim therein, that is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). When considering the claims in a *pro se* complaint, the factual allegations must be liberally construed in favor of the plaintiff. *Rodriguez v. Plymouth Amb. Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Because the Complaint fails to state any claim for relief, Plaintiff's IFP Motion must be denied and the Complaint dismissed.

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 5): Plaintiff's constitutional rights were violated on September 26, 2019, when Madison County 911 Dispatcher Cindy Tweedy refused to contact the Illinois State Police after Plaintiff reported "criminal trespass" by Officer Benjamin Martin. (*Id*.). Plaintiff told Tweedy that Martin came onto private property and would not leave. (*Id*.). At some point during the call, the officer apparently "snatched" Plaintiff's phone from his hands and thereby "posed a threat to [his] safety." (*Id*.). Plaintiff was arrested and held for five days at Madison County Jail on undisclosed charges. (*Id*.). He claims that Detective #511 (John/Jane Doe) conspired with Tweedy to bring charges against him. (*Id*.).

## Discussion

Construing the allegations liberally in favor of Plaintiff, the Court finds that the Complaint fails to state a claim for relief against any of the defendants. An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's allegations do not nudge any claims from the realm of possible to "plausible." *Id*.

**A.      Cindy Tweedy and John/Jane Doe (Detective #511)**

In order to bring a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a state actor deprived him of a right secured by the Constitution or federal law. *Thurmon v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). A government employee acts "under color of state law" for purposes of Section 1983 when his or her actions "are related in some way to the performance of [his or her job] duties." *Id*. At the time of taking Plaintiff's call, Cindy Tweedy was presumably working as a Madison County employee and performing her job duties. Even if the Court assumes without deciding that Tweedy qualified as a state actor, however, the allegations do not suggest that she violated Plaintiff's constitutional rights.

Plaintiff points to two alternative theories of liability against Tweedy. First, he suggests that Tweedy's failure to relay his request for the Illinois State Police to the "proper authorities" violated his constitutional rights. Second, he suggests that Tweedy conspired with an unknown detective (Detective #511) to bring charges against him. Plaintiff relies entirely on threadbare allegations in support of both theories. This is not enough to state a plausible—as opposed to a possible—claim against Tweedy or Detective #511 (John/Jane Doe). *See* FED. R. CIV. P. 8; *Twombly*, 550 U.S. at 555. The constitutional claims against both defendants are dismissed without prejudice.

**B.      Benjamin Martin**

Plaintiff asserts a claim for criminal trespass against Officer Martin. (Doc. 1, p. 5). He invokes 18 U.S.C. § 242, a federal criminal statute. (*See* Doc. 1, p. 1). Plaintiff cannot bring a civil action to enforce a federal criminal statute. *See, e.g., Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (enforcement of statutory violation under Section 1983 requires showing that "Congress intended to create a federal right."). "It is a truism" that has long been recognized by

federal courts "that in our federal system crimes are always prosecuted by the Federal Government" and not by private complaints. *See Dourlain v. Comm'r of Tax. and Fin.*, 133 F. App'x 765 (7th Cir. 2005) (quoting *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)). *See also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (criminal statutes that do not provide for a private right of action are not enforceable through a civil action). The criminal claim against Martin is dismissed with prejudice from this action.

Plaintiff also brings constitutional claims against Officer Martin for arresting him and "snatching" his phone. The Fourth Amendment governs such claims. Under the Fourth Amendment, a claim arises when an arrest is made without a warrant and without probable cause. *Bianchi v. McQueen*, 818 F.3d 309, 321 (7th Cir. 2016) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). Plaintiff does not allege that he was arrested without a warrant and/or without probable cause. (Doc. 1, p. 5). He does not describe the "snatching" incident with enough detail to support a claim or explain why he referred to the Fifth or Fourteenth Amendment. Plaintiff has failed to satisfy basic pleadings requirements for his claims against Officer Martin. *See* FED. R. CIV. P. 8; *Twombly*, 550 U.S. at 555. The constitutional claims against Martin are dismissed without prejudice.

**C.    Madison County Sheriff's Department and 911 System**

Finally, the Madison County Sheriff's Department and 911 System are not persons subject to suit under Section 1983. Plaintiff's designation of these defendants may represent an attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id.* Plaintiff points to no such policy or custom. Both entities shall therefore be dismissed with prejudice.

The Complaint does not survive screening under Section 1915(e)(2). Accordingly, Plaintiff's IFP application shall be denied. The Complaint shall be dismissed.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. He did not demonstrate reasonable efforts to locate counsel on his own. Plaintiff attached no documentation of emails he sent to counsel or provide basic information about these attempts (such as dates, times, or names of attorneys contacted). He also cited no educational, language, medical, or mental health barriers to self-representation.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is also **DENIED** without prejudice, given the dismissal of the Complaint.

### Disposition

**IT IS ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** and the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

All criminal claims against Defendant **MARTIN** are **DISMISSED with prejudice** from this action. All constitutional claims against Defendants **MARTIN, TWEEDY,** and **JOHN/JANE DOE (Detective #511)** are **DISMISSED** without prejudice. Further, Defendants **MADISON COUNTY SHERIFF DEPARTMENT** and **MADISON COUNTY 911 DISPATCH** are **DISMISSED** with prejudice.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **MADISON COUNTY SHERIFF DEPARTMENT** and **MADISON COUNTY 911 DISPATCH** as parties in CM/ECF.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff must: (1) pay the full $400.00 filing fee for this action no later than **June 4, 2020**; and (2) file a

5

First Amended Complaint in this case by the same deadline of **June 4, 2020**. Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff remains obligated to pay the filing fee for this action regardless of his decision to amend.

The Court strongly discourages piecemeal amendments. The First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. Generally, an amended complaint supersedes and replaces the original complaint and renders the original void. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). As a *pro se* litigant, Plaintiff will be afforded some latitude in this regard. *Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018); *Miller v. Larson*, No. 18-2347, 2018 WL 6584907, at *1 (7th Cir. Dec. 14, 2018). The amended complaint is subject to review under 28 U.S.C. § 1915(e)(2). No service shall be ordered until review is completed.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 5/6/2020**

        **s/J. Phil Gilbert**
        **J. PHIL GILBERT**
        **U.S. District Judge**