IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. FRANKLIN,              ) | |
| ) | |
| Plaintiff,              ) | |
| ) | |
| vs.              ) | Case No. 20-cv-00080-JPG |
| ) | |
| MADISON COUNTY 911 SYSTEM,              ) | |
| MADISON COUNTY SHERIFF DEPT.,   ) | |
| BENJAMIN MARTIN,              ) | |
| CINDY TWEEDY,              ) | |
| and JOHN/JANE DOE,              ) | |
| ) | |
| Defendants.              ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Charles Franklin filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his arrest on September 26, 2019. (Doc. 1, pp. 1-6).  The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on May 6, 2020.  (Doc. 8).  Along with the Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2) that was denied because he was not indigent.  (*Id*.).

Plaintiff was granted leave to file a First Amended Complaint and pay his full $400.00 filing fee on or before June 4, 2020.  (Doc. 8).  However, he was warned that the action would be dismissed with prejudice, if he failed to do both by the deadline.  (*Id*.).  Plaintiff missed the deadline for filing the First Amended Complaint and paying the filing fee, and he did not request an extension.

On June 17, 2020, the Court entered a Notice of Impending Dismissal that extended the deadline to July 6, 2020.  (Doc. 9).  Plaintiff was again warned that failure to comply with the

1

Order would result in dismissal of the action with prejudice. (*Id.*). Plaintiff also missed this extended deadline.

A week has passed since the final deadline expired. Plaintiff still has not requested an extension. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Orders (Docs. 8 and 9) to file a First Amended Complaint, pay his filing fee, and/or to prosecute his claims. FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders (Docs. 8 and 9) to file a First Amended Complaint, pay the filing fee for this action, and/or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 14, 2020**                    s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **United States District Judge**